**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILMON ESTEFANOS ITBARK,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-72575

Agency No. A088-429-386

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Filmon Estefanos Itbark, a native of Saudi Arabia and citizen of Eritrea,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the adverse credibility standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083-84, 1089-90 (9th Cir. 2011). We grant petition for review and remand.

Substantial evidence does not support the agency's adverse credibility determination based on two inconsistencies, evasiveness, and an implausibility finding. *See id.* at 1089 (adverse credibility finding not supported under the totality of circumstances). Further, the agency's corroboration finding did not comply with the notice and opportunity requirements set forth in *Ren v. Holder*. *See Zhi v. Holder*, 751 F.3d 1088, 1095 (9th Cir. 2014) (IJ erred by not providing petitioner notice of the evidence that was required and an opportunity to explain why it might be unavailable).

Thus, we grant the petition for review and remand Itbark's asylum, withholding of removal, and CAT claims to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

Itbark should address his request regarding judicial notice of the 2010 Saudi Arabia country report to the agency on remand.

**PETITION FOR REVIEW GRANTED; REMANDED.**